# EXHIBIT A

Filed
D.C. Superior Court
09/20/2018 13:41PM
Clerk of the Court

IN THE SUPERIOR COURT FOR
THE DISTRICT OF COLUMBIA
Civil Division

**KIA BASKERVILLE,**
**1815 Glade Court**
**Annapolis, MD 21403,**

          *Plaintiff,*

   v.

**CBS NEWS, Inc.,**
**2020 M Street NW**
**Washington, DC 20036,**

  **Serve Registered Agent:**
  **Corporation Service Company**
  **1090 Vermont Avenue NW**
  **Washington, DC 20005,**

          *Defendant.*

Case No.:

Next Event:

**JURY TRIAL DEMANDED**

## CIVIL COMPLAINT FOR MONETARY
## AND EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

    1.    CBS News, Inc. unlawfully discriminated against Kia Baskerville in violation of

the District of Columbia Human Rights Act, D.C. Code § 2.1401.01, *et seq.*, when it terminated

her employment based, in whole or in part, on Baskerville's disabilities.

    2.    CBS unlawfully retaliated against Baskerville in violation of the District of

Columbia Family and Medical Leave Act, D.C. Code § 32-507, *et seq.*, when it terminated

Baskerville's employment in whole or in part because she took medical leave due to serious

health conditions.

## PARTIES

3.     Plaintiff Kia Baskerville is a resident of the State of Maryland and resides in Annapolis, Maryland.

4.     Defendant CBS News, Inc. is a Delaware corporation with its headquarters located at 51 W 52nd Street (19-13), New York, New York. It maintains a Washington news bureau located at 2020 M Street, NW, Washington, DC 20036.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over the subject matter of this complaint because this is an action arising under the laws of the District of Columbia, specifically the District of Columbia Human Rights Act, D.C. Code § 2.1401.01, *et seq.*, and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-507, *et seq.*

6.     The Court has jurisdiction over this matter because Defendant CBS News, Inc. has extensive and deliberate contacts with the District of Columbia and conducts a significant amount of its business from its Washington, D.C. Bureau.

7.     Venue in this Court is appropriate because the District of Columbia is the locality and jurisdiction in which many of the alleged illegal employment practices took place.

## FACTUAL ALLEGATIONS

8.     Baskerville began working at CBS News as an intern in its Washington Bureau in or about 1995 while Baskerville was still in college.

9.     CBS News hired Baskerville out of college as the Executive Assistant for the Political Unit Director and Editor of the Survey Unit: Campaign 1996, in which Baskerville was responsible for supporting CBS News's coverage of the 1996 presidential election.

10.     Baskerville then became a Broadcast Associate for the CBS Evening News and afterward a White House Associate Producer for CBS. In this position, Baskerville served as a member of the White House traveling press pool.

11.     Subsequently, Baskerville served as Staff Producer for the White House and Special Events, which made her responsible for coordinating and producing interviews of Presidents George W. Bush and Barack Obama, as well as high-ranking members of their administrations. In this position, Baskerville continued to travel with the President, and she was also responsible for maintaining press credentials for the CBS Washington Bureau.

12.     In late 2015, CBS tasked Baskerville with being the logistics producer of its coverage of the 2016 Democratic National Convention. This became a full-time assignment for Baskerville for about 10 months' time.

13.     In May 2016, while Baskerville was in the midst of preparing for the 2016 Democratic National Convention, CBS hired her to be Manager of Staff Development in the Washington Bureau. This position, unlike Baskerville's previous positions, had more of a management focus.

14.     Baskerville has suffered from mild depression and anxiety since at least 2006, which she treated successfully with medication. However, her work associated with the 2016 Democratic National Convention left Baskerville exhausted. Several weeks before the convention, Baskerville collapsed and believed she had suffered a heart attack. She ultimately received a diagnosis of costochondritis.

15.     Following the 2016 Democratic Convention and the election of Donald Trump as President in November 2016, Baskerville began to suffer significant depression and anxiety. Baskerville's depression and anxiety both deepened through mid-to-late 2017.

16.     In mid-to-late 2017, then Senior Vice President of News Administration (and now Executive Vice President) Ingrid Ciprian-Matthews tasked the Diversity & Inclusion Unit—which Baskerville was a part of—to assist with an ongoing project to compile a directory of contacts for every CBS Bureau. Specifically, Baskerville was tasked with compiling the information for the bureaus in Washington, Dallas, Miami, and Los Angeles. Baskerville gathered the information for the Washington Bureau, and she worked to get the information needed from Dallas, Miami, and Los Angeles. But there was no specific point person, besides the bureau chief, responsible for assisting with this project. And this was a task that was not top priority for these bureaus when there were major stories to be covered, such as hurricanes in the southeastern United States and Texas and wildfires in California.

17.     Baskerville reached out to CBS HR Director Maria Cottone by email in either late December 2017 or on or about January 6, 2018. Baskerville told Cottone that she needed to talk about personal issues. Baskerville intended to speak with Cottone about her ongoing depression and the effect it had on her work. Cottone did not respond to Baskerville's email.

18.     Vice President of News in New York Kim Godwin, who was Baskerville's supervisor (Diversity & Inclusion Unit), and Cottone called Baskerville into a meeting in New York on February 6, 2018. Baskerville later learned that this meeting was, in part, the result of an inquiry on her performance overall within the bureau. The inquiry and subsequent complaint came from either the Bureau Chief (Chris Isham) and/or from the Deputy Washington Bureau Chief (Ward Sloane) about Baskerville "not being around" and falling short in her work.

19.     During the meeting, Godwin made statements from her discussions with the bureau chiefs to the effect of "We loved the old Kia. Where is she? You need to take some time and come back as either the old Kia or a better version of her because this version is not

4

working." Cottone then informed Baskerville that she should take leave and that there were options such as taking FMLA leave.

20.     Baskerville then took 13 weeks of short term medical leave from February 2018 through late April 2018. During that time, Baskerville sought psychological and psychiatric care, and she also consulted with her primary care physician. Baskerville's physicians adjusted her medications. And during this time, Baskerville also received a diagnosis of Pre-Menopausal Dysphoric Disorder/Syndrome.

21.     Baskerville returned to work at CBS in late April 2018. On or about April 30, 2018, Baskerville met with Godwin and explained to Godwin that she had undergone treatment during her leave and had been diagnosed with Pre-Menopausal Dysphoric Disorder.

22.     On or about June 8, 2018, as Baskerville drove to work from her home in Maryland, she received a phone call that an intern, Sarah Dolezal, had a mental health episode while at work.

23.     On a follow-up phone call phone call, Baskerville learned from other staff at the Washington Bureau that Ellee Watson, the Executive Assistant to the Bureau Chief, had eventually left the office with Dolezal in order to find medical help. Baskerville learned that Watson had taken Dolezal to the AU Medical Center where Dolezal was a student.

24.     Baskerville then called her own intern Watta Camara and asked Camara to go to meet up with Dolezal and Watson at AU and "be her eyes and ears." Baskerville then contacted Godwin and apprised her of the situation, including her plans to go to the hospital where Dolezal was to be taken and updates regarding the situation as of 9:30 a.m.

25.     A short time later, Baskerville arrived at the Washington Bureau, and Senior News Producer Lorna Jones recapped the incident for Baskerville. Two security guards also

confirmed that Dolezal had begun to panic and had made statements to the effect that "everyone was watching her" and "someone had broken into her dorm room last night and tried to kidnap her."

26.     Baskerville told Jones that she had sent Camara to assist Watson, and Jones advised that it was probably a bad idea to get anyone else involved, particularly an intern. Accordingly, Baskerville called Camara and told her to come back to the Bureau immediately.

27.     Baskerville then secured the approval of Cottone's deputy in New York, Melissa McKeon, for Baskerville to go to meet Dolezal and Watson.

28.     Baskerville also corresponded with Katie Curcio (Director of Interns & News Associates for all of CBS News) and asked Curcio for help in locating Dolezal's doctor and parents.

29.     Baskerville met with Watson and Dolezal at Howard University Hospital, where Dolezal subsequently refused treatment. Baskerville left the hospital with Dolezal in order to help ensure her safety.

30.     Baskerville then followed up with Curcio again. She asked Curcio for help in locating Dolezal's doctor and parents.

31.     Baskerville had to follow Dolezal around Washington and eventually called the police because she was concerned for the woman's safety.

32.     On or about June 11, 2018, at about 4:30 p.m., Baskerville participated in a telephone conference with Godwin, Cottone, and CBS's legal team about the incident. Baskerville received accolades during the call for her handling of the situation.

33.     The next day, Godwin called Baskerville to discuss the June 8 incident. Godwin told Baskerville that she wanted to understand fully what had happened that day.

6

34.     Baskerville told Godwin that she was about to begin a previously scheduled appointment with her psychiatrist (on June 12, 2018). They discussed the incident again briefly, Godwin thanked Baskerville again for "helping this young woman through a very difficult situation."

35.     The next day, Godwin instructed Baskerville to fly to New York for a meeting, saying "we need to talk."

36.     On or about June 13, 2018, Baskerville met with Godwin and Cottone, and Godwin accused Baskerville of having been dishonest about her recollection of the events of June 8, 2018 the day prior.

37.     Godwin and Cottone stated that this was a "third strike" for Baskerville (despite Godwin verbally giving her a clean slate upon her initial return to work after leave. CBS then terminated Baskerville's employment effective immediately.

38.     As the result of CBS's illegal actions, Baskerville has been damaged and will continue to be damaged in the future.

## COUNT I

### Disability Discrimination
### District of Columbia Human Rights Act -- D.C. Code § 2.1401.01, *et seq.*

39.     Baskerville incorporates the foregoing allegations as though fully alleged herein.

40.     At all times relevant to this complaint, CBS News, Inc. was an employer as defined by the DCHRA.

41.     At all times relevant to this complaint, Baskerville was an employee as defined by the DCHRA.

42.     Baskerville suffers from anxiety and clinical depression due to Pre-Menopausal Dysphoric Syndrome, which limits her ability to concentrate and work, and which limits the normal functioning of Baskerville's neurological and reproductive systems.

43.     At all times relevant to this complaint, CBS was on notice of these disabilities.

44.     CBS terminated Baskerville's employment on June 13, 2018.

45.     CBS's termination of Baskerville's employment occurred under circumstances that give rise to a reasonable inference of discrimination based upon Baskerville's disabilities in violation of the DCHRA.

46.     CBS News's purported legitimate business reasons for the termination are mere pretext.

47.     Due to CBS's unlawful violation of the DCHRA, Baskerville has suffered damages.

### COUNT II
### Retaliation
**District of Columbia Family and Medical Leave Act – D.C. Code § 32-507,** *et seq.*

48.     Baskerville incorporates the allegations contained in all the foregoing paragraphs as though fully alleged herein.

49.     Baskerville is a "person" and an "employee" as defined by the DCFMLA, and CBS News is an "employer" as defined by the DCFMLA.

50.     Baskerville engaged in protected activity under the DCFMLA when she used medical leave for the treatment of serious health conditions.

51.     CBS News terminated Baskerville's employment on June 13, 2018.

52.     CBS took these actions in close temporal proximity to Baskerville's protected leave under the DCFMLA.

53.     CBS's purported legitimate business reasons for the termination are mere pretext.

54.     Due to CBS's unlawful violation of the DCFMLA, Baskerville has suffered damages.

## **PRAYER FOR RELIEF**

Based on the foregoing, Baskerville respectfully requests that this Court award her the following relief against CBS News, Inc.:

A.  Economic damages;

B.  Back pay;

C.  Reinstatement, or in the alternative, front pay;

D.  Compensatory, non-economic damages;

E.  Equitable relief;

F.  Punitive damages under Count I;

G.  Liquidated damages under Count II;

H.  Pre-judgment interest;

I.  Reasonable attorneys' fees;

J.  Court costs; and

K.  Any other such relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff Kia Baskerville demands a trial by jury for any and all issues proper to be so tried.

Respectfully submitted,

John T. Harrington
R. Scott Oswald
The Employment Law Group, PC
888 17th Street NW
9th Floor
Washington, DC 20006
202-261-2830
tharrington@employmentlawgroup.com
soswald@employmentlawgroup.com
*Counsel for Plaintiff Kia Baskerville*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Kia Baskerville

Case Number: _____

vs

CBS News, Inc.

Date: __September 20, 2018__

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* R. Scott Oswald, John T. Harrington | Relationship to Lawsuit |
| Firm Name: The Employment Law Group, P.C. | ☒ Attorney for Plaintiff |
| Telephone No.: 202.261.2812    Six digit Unified Bar No.: 958859, 987659 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury      ☒ 6 Person Jury       ☐ 12 Person Jury

Demand: $ _____                             Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

NATURE OF SUIT:      *(Check One Box Only)*

## A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
        Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
        Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
        Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
        Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
        Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
        Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
        Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE       IF USED

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D.  REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

John T. Harrington

Attorney's Signature

September 20, 2018

Date

Superior Court of the District of Columbia
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Kia Baskerville
_____
                          Plaintiff
            vs.

CBS News, Inc.                                                    Case Number  _____
_____
                          Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

R. Scott Oswald, John T. Harrington                    _Clerk of the Court_
_____
Name of Plaintiff's Attorney
The Employment Law Group, P.C.                    By _____
_____                              Deputy Clerk
Address
888 17th Street, NW, 9th Floor, Washington, DC 20006
_____
202.261.2812                                              Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오          የአማርኛ ትርጉም ካስፈለገዎ (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                          Super. Ct. Civ. R. 4





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Kia Baskerville
_____
                                    Demandante
          contra
                                                          Número de Caso: _____

CBS News, Inc.
_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

R. Scott Oswald, John T. Harrington                          *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

The Employment Law Group, P.C                         Por: _____
_____
Dirección                                                                   Subsecretario
888 17th Street, 9th Floor, Washington, DC 20006
_____

202.261.2812                                                  Fecha _____
_____
Teléfono

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 연락하십시오.    የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

Filed
D.C. Superior Court
09/20/2018 13:41PM
Clerk of the Court

IN THE SUPERIOR COURT FOR
THE DISTRICT OF COLUMBIA
Civil Division

KIA BASKERVILLE,
1815 Glade Court
Annapolis, MD 21403,

                    *Plaintiff,*

v.

CBS NEWS, Inc.,
2020 M Street NW
Washington, DC 20036,

    Serve Registered Agent:
    Corporation Service Company
    1090 Vermont Avenue NW
    Washington, DC 20005,

                    *Defendant.*

Case No.:   2018 CA 006710 B

Next Event:

JURY TRIAL DEMANDED

CIVIL COMPLAINT FOR MONETARY
AND EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

1.      CBS News, Inc. unlawfully discriminated against Kia Baskerville in violation of

the District of Columbia Human Rights Act, D.C. Code § 2.1401.01, *et seq.*, when it terminated

her employment based, in whole or in part, on Baskerville's disabilities.

2.      CBS unlawfully retaliated against Baskerville in violation of the District of

Columbia Family and Medical Leave Act, D.C. Code § 32-507, *et seq.*, when it terminated

Baskerville's employment in whole or in part because she took medical leave due to serious

health conditions.

1

## PARTIES

3.      Plaintiff Kia Baskerville is a resident of the State of Maryland and resides in Annapolis, Maryland.

4.      Defendant CBS News, Inc. is a Delaware corporation with its headquarters located at 51 W 52nd Street (19-13), New York, New York. It maintains a Washington news bureau located at 2020 M Street, NW, Washington, DC 20036.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the subject matter of this complaint because this is an action arising under the laws of the District of Columbia, specifically the District of Columbia Human Rights Act, D.C. Code § 2.1401.01, *et seq.*, and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-507, *et seq.*

6.      The Court has jurisdiction over this matter because Defendant CBS News, Inc. has extensive and deliberate contacts with the District of Columbia and conducts a significant amount of its business from its Washington, D.C. Bureau.

7.      Venue in this Court is appropriate because the District of Columbia is the locality and jurisdiction in which many of the alleged illegal employment practices took place.

## FACTUAL ALLEGATIONS

8.      Baskerville began working at CBS News as an intern in its Washington Bureau in or about 1995 while Baskerville was still in college.

9.      CBS News hired Baskerville out of college as the Executive Assistant for the Political Unit Director and Editor of the Survey Unit: Campaign 1996, in which Baskerville was responsible for supporting CBS News's coverage of the 1996 presidential election.

2

10.     Baskerville then became a Broadcast Associate for the CBS Evening News and afterward a White House Associate Producer for CBS. In this position, Baskerville served as a member of the White House traveling press pool.

11.     Subsequently, Baskerville served as Staff Producer for the White House and Special Events, which made her responsible for coordinating and producing interviews of Presidents George W. Bush and Barack Obama, as well as high-ranking members of their administrations. In this position, Baskerville continued to travel with the President, and she was also responsible for maintaining press credentials for the CBS Washington Bureau.

12.     In late 2015, CBS tasked Baskerville with being the logistics producer of its coverage of the 2016 Democratic National Convention. This became a full-time assignment for Baskerville for about 10 months' time.

13.     In May 2016, while Baskerville was in the midst of preparing for the 2016 Democratic National Convention, CBS hired her to be Manager of Staff Development in the Washington Bureau. This position, unlike Baskerville's previous positions, had more of a management focus.

14.     Baskerville has suffered from mild depression and anxiety since at least 2006, which she treated successfully with medication. However, her work associated with the 2016 Democratic National Convention left Baskerville exhausted. Several weeks before the convention, Baskerville collapsed and believed she had suffered a heart attack. She ultimately received a diagnosis of costochondritis.

15.     Following the 2016 Democratic Convention and the election of Donald Trump as President in November 2016, Baskerville began to suffer significant depression and anxiety. Baskerville's depression and anxiety both deepened through mid-to-late 2017.

16.     In mid-to-late 2017, then Senior Vice President of News Administration (and now Executive Vice President) Ingrid Ciprian-Matthews tasked the Diversity & Inclusion Unit—which Baskerville was a part of—to assist with an ongoing project to compile a directory of contacts for every CBS Bureau. Specifically, Baskerville was tasked with compiling the information for the bureaus in Washington, Dallas, Miami, and Los Angeles. Baskerville gathered the information for the Washington Bureau, and she worked to get the information needed from Dallas, Miami, and Los Angeles. But there was no specific point person, besides the bureau chief, responsible for assisting with this project. And this was a task that was not top priority for these bureaus when there were major stories to be covered, such as hurricanes in the southeastern United States and Texas and wildfires in California.

17.     Baskerville reached out to CBS HR Director Maria Cottone by email in either late December 2017 or on or about January 6, 2018. Baskerville told Cottone that she needed to talk about personal issues. Baskerville intended to speak with Cottone about her ongoing depression and the effect it had on her work. Cottone did not respond to Baskerville's email.

18.     Vice President of News in New York Kim Godwin, who was Baskerville's supervisor (Diversity & Inclusion Unit), and Cottone called Baskerville into a meeting in New York on February 6, 2018. Baskerville later learned that this meeting was, in part, the result of an inquiry on her performance overall within the bureau. The inquiry and subsequent complaint came from either the Bureau Chief (Chris Isham) and/or from the Deputy Washington Bureau Chief (Ward Sloane) about Baskerville "not being around" and falling short in her work.

19.     During the meeting, Godwin made statements from her discussions with the bureau chiefs to the effect of "We loved the old Kia. Where is she? You need to take some time and come back as either the old Kia or a better version of her because this version is not

4

working." Cottone then informed Baskerville that she should take leave and that there were options such as taking FMLA leave.

20.     Baskerville then took 13 weeks of short term medical leave from February 2018 through late April 2018. During that time, Baskerville sought psychological and psychiatric care, and she also consulted with her primary care physician. Baskerville's physicians adjusted her medications. And during this time, Baskerville also received a diagnosis of Pre-Menopausal Dysphoric Disorder/Syndrome.

21.     Baskerville returned to work at CBS in late April 2018. On or about April 30, 2018, Baskerville met with Godwin and explained to Godwin that she had undergone treatment during her leave and had been diagnosed with Pre-Menopausal Dysphoric Disorder.

22.     On or about June 8, 2018, as Baskerville drove to work from her home in Maryland, she received a phone call that an intern, Sarah Dolezal, had a mental health episode while at work.

23.     On a follow-up phone call phone call, Baskerville learned from other staff at the Washington Bureau that Ellee Watson, the Executive Assistant to the Bureau Chief, had eventually left the office with Dolezal in order to find medical help. Baskerville learned that Watson had taken Dolezal to the AU Medical Center where Dolezal was a student.

24.     Baskerville then called her own intern Watta Camara and asked Camara to go to meet up with Dolezal and Watson at AU and "be her eyes and ears." Baskerville then contacted Godwin and apprised her of the situation, including her plans to go to the hospital where Dolezal was to be taken and updates regarding the situation as of 9:30 a.m.

25.     A short time later, Baskerville arrived at the Washington Bureau, and Senior News Producer Lorna Jones recapped the incident for Baskerville. Two security guards also

confirmed that Dolezal had begun to panic and had made statements to the effect that "everyone was watching her" and "someone had broken into her dorm room last night and tried to kidnap her."

26.     Baskerville told Jones that she had sent Camara to assist Watson, and Jones advised that it was probably a bad idea to get anyone else involved, particularly an intern. Accordingly, Baskerville called Camara and told her to come back to the Bureau immediately.

27.     Baskerville then secured the approval of Cottone's deputy in New York, Melissa McKeon, for Baskerville to go to meet Dolezal and Watson.

28.     Baskerville also corresponded with Katie Curcio (Director of Interns & News Associates for all of CBS News) and asked Curcio for help in locating Dolezal's doctor and parents.

29.     Baskerville met with Watson and Dolezal at Howard University Hospital, where Dolezal subsequently refused treatment. Baskerville left the hospital with Dolezal in order to help ensure her safety.

30.     Baskerville then followed up with Curcio again. She asked Curcio for help in locating Dolezal's doctor and parents.

31.     Baskerville had to follow Dolezal around Washington and eventually called the police because she was concerned for the woman's safety.

32.     On or about June 11, 2018, at about 4:30 p.m., Baskerville participated in a telephone conference with Godwin, Cottone, and CBS's legal team about the incident. Baskerville received accolades during the call for her handling of the situation.

33.     The next day, Godwin called Baskerville to discuss the June 8 incident. Godwin told Baskerville that she wanted to understand fully what had happened that day.

34.     Baskerville told Godwin that she was about to begin a previously scheduled appointment with her psychiatrist (on June 12, 2018). They discussed the incident again briefly. Godwin thanked Baskerville again for "helping this young woman through a very difficult situation."

35.     The next day, Godwin instructed Baskerville to fly to New York for a meeting, saying "we need to talk."

36.     On or about June 13, 2018, Baskerville met with Godwin and Cottone, and Godwin accused Baskerville of having been dishonest about her recollection of the events of June 8, 2018 the day prior.

37.     Godwin and Cottone stated that this was a "third strike" for Baskerville (despite Godwin verbally giving her a clean slate upon her initial return to work after leave. CBS then terminated Baskerville's employment effective immediately.

38.     As the result of CBS's illegal actions, Baskerville has been damaged and will continue to be damaged in the future.

## COUNT I

### Disability Discrimination
### District of Columbia Human Rights Act – D.C. Code § 2.1401.01, *et seq.*

39.     Baskerville incorporates the foregoing allegations as though fully alleged herein.

40.     At all times relevant to this complaint, CBS News, Inc. was an employer as defined by the DCHRA.

41.     At all times relevant to this complaint, Baskerville was an employee as defined by the DCHRA.

42.     Baskerville suffers from anxiety and clinical depression due to Pre-Menopausal Dysphoric Syndrome, which limits her ability to concentrate and work, and which limits the normal functioning of Baskerville's neurological and reproductive systems.

43.     At all times relevant to this complaint, CBS was on notice of these disabilities.

44.     CBS terminated Baskerville's employment on June 13, 2018.

45.     CBS's termination of Baskerville's employment occurred under circumstances that give rise to a reasonable inference of discrimination based upon Baskerville's disabilities in violation of the DCHRA.

46.     CBS News's purported legitimate business reasons for the termination are mere pretext.

47.     Due to CBS's unlawful violation of the DCHRA, Baskerville has suffered damages.

## COUNT II
### Retaliation
**District of Columbia Family and Medical Leave Act – D.C. Code § 32-507, *et seq.***

48.     Baskerville incorporates the allegations contained in all the foregoing paragraphs as though fully alleged herein.

49.     Baskerville is a "person" and an "employee" as defined by the DCFMLA, and CBS News is an "employer" as defined by the DCFMLA.

50.     Baskerville engaged in protected activity under the DCFMLA when she used medical leave for the treatment of serious health conditions.

51.     CBS News terminated Baskerville's employment on June 13, 2018.

52.     CBS took these actions in close temporal proximity to Baskerville's protected leave under the DCFMLA.

53.     CBS's purported legitimate business reasons for the termination are mere pretext.

54.     Due to CBS's unlawful violation of the DCFMLA, Baskerville has suffered damages.

## **PRAYER FOR RELIEF**

Based on the foregoing, Baskerville respectfully requests that this Court award her the following relief against CBS News, Inc.:

A.  Economic damages;

B.  Back pay;

C.  Reinstatement, or in the alternative, front pay;

D.  Compensatory, non-economic damages;

E.  Equitable relief;

F.  Punitive damages under Count I;

G.  Liquidated damages under Count II;

H.  Pre-judgment interest;

I.  Reasonable attorneys' fees;

J.  Court costs; and

K.  Any other such relief that the Court may deem just and equitable.

## <u>JURY DEMAND</u>

Plaintiff Kia Baskerville demands a trial by jury for any and all issues proper to be so tried.

Respectfully submitted,

John T. Harrington
R. Scott Oswald
The Employment Law Group, PC
888 17th Street NW
9th Floor
Washington, DC 20006
202-261-2830
tharrington@employmentlawgroup.com
soswald@employmentlawgroup.com
*Counsel for Plaintiff Kia Baskerville*

10

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Kia Baskerville

Case Number: **2018 CA 006710 B**

vs

CBS News, Inc.

Date: September 20, 2018

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* R. Scott Oswald, John T. Harrington | Relationship to Lawsuit |
| Firm Name: The Employment Law Group, P.C. | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: 202.261.2812     Six digit Unified Bar No.: 958859, 987659 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $_____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____     Judge: _____     Calendar #: _____

Case No.: _____     Judge: _____     Calendar#: _____

---

NATURE OF SUIT:     *(Check One Box Only)*

### A. CONTRACTS

COLLECTION CASES

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| ☒ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only) | |

### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 23 Tobacco |
| ☐ 08 Fraud | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_John T. Harrington_
_____
Attorney's Signature

September 20, 2018
_____
Date

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Kia Baskerville
_____
Plaintiff

vs.

Case Number **2018 CA 006710 B**

CBS News, Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

R. Scott Oswald, John T. Harrington
_____
Name of Plaintiff's Attorney

The Employment Law Group, P.C.
_____
Address

888 17th Street, NW, 9th Floor, Washington, DC 20006
_____

202.261.2812
_____
Telephone

_Clerk of the Court_

By _____

Deputy Clerk

Date **09/25/2018**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시요     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Kia Baskerville

_____
                                    Demandante
          contra

                                              Número de Caso: _____

CBS News, Inc.

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

R. Scott Oswald, John T. Harrington                    _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

The Employment Law Group, P.C                Por: _____
_____
Dirección                                              Subsecretario
888 17th Street, 9th Floor, Washington, DC 20006
_____

202.261.2812                                Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት: (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

KIA BASKERVILLE
   Vs.                                             C.A. No.       2018 CA 006710 B
CBS NEWS, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge MICHAEL L. RANKIN
Date:  September 25, 2018
Initial Conference: 10:30 am, Friday, December 21, 2018
Location:  Courtroom 517
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

**In the Superior Court**
**for the**
**District of Columbia**

Filed
D.C. Superior Court
10/12/2018 13:53PM
Clerk of the Court

Kia Baskerville
Plaintiff

vs                                        Case Number: 2018-CA-006710 B

CBS News, Inc.
Defendant

### Declaration of Return by Private Process Server

The undersigned hereby certifies that valid service of process was executed upon CBS News, Inc, on the 10th day of October 2018 at 12:20 p.m, at 1090 Vermont Avenue NW, Suite 430, Washington, DC 20005, by personally delivering and leaving a copy of the following documents with Amanda Farrell, workflow coordinator for registered agent Corporation Company, the registered agent for CBS News, Inc.: 1) Summons; 2) Complaint; 3) Civil Information Sheet; and attached documents including 4) Notice of Deposition and Attachment; 5) First Requests for the Production of Documents. Amanda Farrell is described as: a white female of medium build, with medium length, blonde hair. She is approximately 5'8" tall.

THE UNDERSIGNED CERTIFIES HE IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN (18) YEARS. I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING DOCUMENT ARE TRUE AND CORRECT.

James McElhatton, Investigator
Dinolt Becnel & Wells Investigative Group, LLC
1806 Vernon Street, NW, Suite 300
Washington, DC 20009
202-638-5000
Date: October 10, 2018

### IN THE SUPERIOR COURT FOR
### THE DISTRICT OF COLUMBIA
#### Civil Division

| | |
|---|---|
| KIA BASKERVILLE,<br><br>*Plaintiff,*<br><br>v.<br><br>CBS NEWS, INC.<br><br>*Defendant.* | Case No.: **2018 CA 006710 B**<br><br>**Next Event: Conference,**<br>**December 21, 2018** |

## PLAINTIFF KIA BASKERVILLE'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT CBS NEWS, INC.

Plaintiff Kia Baskerville, through undersigned counsel, serves this First Set of Interrogatories pursuant to Rule 34 of the Superior Court Rules of Civil Procedure. You are instructed to respond to these requests under oath and to provide your documents within thirty (30) days. In answering these requests, the following instructions and definitions apply to each Request, unless otherwise specifically provided.

## DEFINITIONS

For the purposes of these Requests, the terms used herein shall have the following meanings unless the context requires otherwise:

a.      "You," "Your," "CBS News," and "CBS" means Defendant CBS News, Inc., its successors, predecessors, divisions, subsidiaries, present and former officers or board members, agents and employees, and all other persons acting on behalf of them, their successors, predecessors, divisions, or subsidiaries.

b.      "Plaintiff" or "Baskerville" means Plaintiff Kia Baskerville.

c.      "Communication" means all oral conversations, discussions, letters, email, telegrams, memoranda, and any other transmission of information in any other form, both oral and written.

    d.      "Documents" means all written, typed or printed matter, electronically stored information, electronic mail (including all attachments thereto), and all magnetic or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, instant messages, Google chats, Gchats, Google Hangout chats, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, as well as electronic records, including, but not limited to, e-mail, spreadsheets, databases, and other electronically recorded or stored information, including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

    e.      "File" means any collections or group of documents maintained, held, stored or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

    f.      "Person" means all entities associated with you or otherwise with knowledge of the facts of this case, including without limitation, all predecessors in interest, individuals, officers, board members, associates, groups, organizations, partnerships, internal departments, and public agencies.

    g.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning, evidencing or concerning, directly or indirectly, the subject matter identified in the document request.

    h.      The words "describe" and "identify" when referring to a person are defined to require that you set forth the following information:

    1) Full Name;
    2) Present or last known residential address;
    3) Present or last known telephone number;
    4) Present occupation, job title, employer, and employer's address;
    5) Occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
    6) In the case of any person other than an individual, identification of the officer, employee or agent most closely connected with the subject matter of that Interrogatory and of the officer who is responsible for supervising that officer or employee with regard to the subject matter of that Interrogatory.

    i.      The words "describe" and "identify" when referring to a document are defined to require that you set forth the following information:

2

1) The nature (e.g., letter, handwritten note) of the document;
2) The title or heading that appears on the document;
3) The date of the document and the date of each addendum, supplement or other addition or change;
4) Identification of the author and of the signer thereof, and of the person on whose behalf or at whose request or direction the document was prepared or delivered;
5) Identification of the addressee or recipient thereof, if any; and
6) The present locations of the document, and the name, address, position or title and telephone number of the person or persons having custody.

j.      The words "describe" and "identify" when referring to an event, occurrence, act, transaction or conversation are defined to require that you set forth the following information:

1) The date and place of such event
2) The persons involved
3) Description of the event

k.      "Disciplinary History" and "Disciplinary Actions" shall mean any formal or informal, both verbal and written, admonitions, counseling warnings, counseling plans, performance improvement plans, suspensions, punishment, sanction, fine, and any resulting tangible employment actions.

l.      The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the discovery request more inclusive.

m.      References to masculine, feminine, or neutral gender shall be construed as masculine, feminine, or neutral so as to render the discovery request as inclusive as possible.

n.      The term "any" means "any and all" or "each and every," and shall be construed to render the discovery request as inclusive as possible.

o.      "Including" means "including but not limited to."

p.      The present tense includes the past and future tenses.

q.      Terms that are singular shall be construed as plural and terms that are plural shall be considered singular so as to render each discovery request as inclusive as possible.

r.      Notwithstanding any definition set forth above, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## INSTRUCTIONS

a.        Separately answer each part of each Request.

b.        To the extent a privilege is claimed with respect to any document covered by the Requests, you are requested to state, with respect to such document, the following as applicable:

1. The author of such document;
2. To whom such document is addressed;
3. The date upon which such document was prepared;
4. The title or heading of such document;
5. The type of document (e.g., hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.);
6. Any other information that might be necessary to describe such document sufficiently for a designation thereof;
7. The present location and custodian of such document; and
8. The grounds for claiming privilege.

c.        Unless otherwise specified, each Request requires a continuing response, and you are requested to supplement or amend your responses to these requests based upon any and all information and documents obtained after serving such responses and to do so seasonably.

d.        For any requested document no longer in existence, or which cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

e.        If, in responding to these Requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

f.        When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

g.        It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log will be required as to such material.

4

     h.      If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

     i.      In response to each Request, identify each person who participated in the preparation of the response, including without limitation, all persons who drafted proposed or actual responses or who provided information or documents to be used in the preparation of responses, and identify and describe each file and each document consulted or referred to in the preparation of the response.

     j.      The terms "any" and "all" shall mean "any and all" and "each and every," and shall be construed to render the discovery request as inclusive as possible.

     k.      "Including" means "including but not limited to."

     l.      The present tense includes the past and future tenses.

     m.      Terms that are singular shall be construed as plural and terms that are plural shall be construed singular so as to render each discovery request as inclusive as possible.

     n.      References to masculine, feminine, or neutral gender shall be construed as masculine, feminine, or neutral so as to render the discovery request as inclusive as possible.

     o.      If you believe that any discovery request is overly broad or unduly vague, you are instructed to respond to the discovery request and to indicate the limitation you have given to it and any definition you have given to obviate your objection.

     p.      The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the discovery request more inclusive.

     q.      Capitalization or non-capitalization of defined terms is irrelevant.

     r.      Please produce electronic documents and/or electronically stored information in native format and in a concordance load file with metadata preserved.

     s.      Unless otherwise indicated, the time period applicable to these requests is limited to 2010 through present.

     t.      Unless otherwise indicated, the term "complaint" refers to the Complaint filed by Plaintiff Xuejing Feng against the Federal Home Loan Banks Office of Finance.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

    1.    All documents used, referenced, referred to, or described when answering any of Baskerville's Interrogatories or Requests for Admissions.

    2.    Any documents requested or referred to by any party, witness, or counsel during any deposition in this case.

    3.    Any documents that support the factual basis for each and every denial of any allegations in Baskerville's Complaint and/or any affirmative defenses that CBS News has raised or asserted.

    4.    Any documents of communications relating to, regarding, or constituting transcripts, records, or notes of testimony or statements by employees or other potential witnesses interviewed regarding the content of Baskerville's Complaint.

    5.    All communications concerning or relating to the factual allegations or claims at issue in the lawsuit among or between Baskerville, Kim Godwin, Maria Cottone, Katie Curcio, or Melissa McKeon.

    6.    Any reports or investigations relating to allegations of discrimination or under the D.C. Human Rights Act or Americans with Disabilities Act against CBS News in the last five (5) years.

    7.    Any documents and communications related to formal and informal complaints filed against CBS News within the past five (5) years alleging discrimination under the D.C. Human Rights Act or Americans with Disabilities Act.

    8.    Any reports or investigations relating to allegations of interference, discrimination, or retaliation under the D.C. Family and Medical Leave Act or the Family and Medical Leave Act against CBS News in the last five (5) years.

    9.    Any documents and communications related to formal and informal complaints filed within the past five (5) years against CBS News alleging interference, discrimination, or retaliation under the D.C. Family and Medical Leave Act or Family and Medical Leave Act.

    10.    Any personnel policies or employment manuals drafted, implemented, or followed by CBS News since 2007, including but not limited to documents relating to CBS News's practices and policies regarding hiring, job evaluation, promotion, discipline, performance plans, suspensions, reassignments, demotions, or discharges; CBS News's anti-retaliation policies and/or complaint procedures; any trainings or protocols related to those policies and procedures; and any documents that evidence Baskerville's receipt of those policies.

11.     Baskerville's official personnel folder, including but not limited to her performance reviews, commendations and awards, any complaints made about Baskerville's performance, and the decision to terminate Baskerville's employment.

12.     Any documents relating to Baskerville's performance, from or to each person who has had a supervisory role over Baskerville during her employment with CBS News.

13.     Any documents relating to policies regarding the drafting of or issuance of performance reviews or evaluations to employees.

Respectfully submitted,

/s/ John T. Harrington
John T. Harrington
R. Scott Oswald
The Employment Law Group, PC
888 17th Street NW
9th Floor
Washington, DC 20006
202-261-2830
tharrington@employmentlawgroup.com
soswald@employmentlawgroup.com
*Counsel for Plaintiff Kia Baskerville*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, a true and correct copy of the foregoing was served

via _____ upon:

Respectfully submitted,

/s/ John T. Harrington
John T. Harrington
R. Scott Oswald
The Employment Law Group, PC
888 17th Street NW
9th Floor
Washington, DC 20006
202-261-2830
tharrington@employmentlawgroup.com
soswald@employmentlawgroup.com
*Counsel for Plaintiff Kia Baskerville*

8

IN THE SUPERIOR COURT FOR
THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| KIA BASKERVILLE, | Case No.: 2018 CA 006710B |
| *Plaintiff,* | Next Event: Conference, |
| v. | December 21, 2018 |
| CBS NEWS, INC. | |
| *Defendant.* | |

## PLAINTIFF KIA BASKERVILLE'S NOTICE OF DEPOSITION
## OF CBS NEWS, INC.

Plaintiff Kia Baskerville gives notice that she will take the deposition upon oral

examination of CBS News, Inc. on November 12, 2018 at 9:30 a.m. in the offices of The

Employment Law Group, PC, located at 888 17th Street, 9th Floor, Washington, DC 20006.

CBS News shall designate one or more officer, directors, or managing agents, or other

persons who consent to testify on its behalf who shall testify as to the matters designated in

Attachment 1.  This deposition will be videotaped and recorded stenographically before a Notary

Public or other officer authorized to administer oaths, and will be for the purpose of discovery of

evidence, for use at trial, and for other lawful purposes.  The deposition will continue until

completed.

1

Respectfully submitted,

/s/ John T. Harrington
John T. Harrington
R. Scott Oswald
The Employment Law Group, PC
888 17th Street NW
9th Floor
Washington, DC 20006
202-261-2830
tharrington@employmentlawgroup.com
soswald@employmentlawgroup.com
*Counsel for Plaintiff Kia Baskerville*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, a true and correct copy of the foregoing was served

via _____ upon:

Respectfully submitted,

/s/ John T. Harrington
John T. Harrington
R. Scott Oswald
The Employment Law Group, PC
888 17th Street NW
9th Floor
Washington, DC 20006
202-261-2830
tharrington@employmentlawgroup.com
soswald@employmentlawgroup.com
*Counsel for Plaintiff Kia Baskerville*

3

## **ATTACHMENT 1**

1. The location and source of any of the documents requested in Plaintiff's First Requests for the Production of Documents to Respondents. This item is intended to include the identity of any individual in possession of such documents, any electronic source from which such documents could be obtained, or any other filing system used by the organization, or another organization, from which such documents could be obtained.

2. CBS News, Inc.'s responses to: Baskerville's Interrogatories, Requests for Production of Documents, and responses to Requests for Admissions.

3. The facts that support or underlie all general or specific affirmative defenses as stated in CBS News, Inc.'s Answer to Baskerville's Complaint.

4. The facts that support or underlie any denials of any allegations in CBS News, Inc.'s Answer to Baskerville's Complaint.

5. CBS News's anti-discrimination policies, including its Equal Opportunity Employer status and related policies.

6. The policies and procedures of CBS News regarding the training of supervisory and managerial personnel on the anti-discrimination and anti-retaliation provisions of the District of Columbia Human Rights Act and/or the Americans with Disabilities Act.

7. The policies and procedures of CBS News regarding the training of supervisory and managerial personnel on the D.C. Family and Medical Leave Act or the Family and Medical Leave Act.

8. The policies and procedures of CBS News regarding the hiring of supervisory and managerial personnel.

9. The policies and procedures used by CBS News to determine the qualifications of supervisory and managerial personnel.

10. The policies and procedures of CBS News regarding the supervision and monitoring of supervisory and managerial personnel.

11. Any policies and procedures related to the use of progressive discipline.

12. Every person at the organizational level of Kia Baskerville that has been subjected to discipline but remained employed by CBS News.

4

13. Policies and procedures related to the training of managers for managing interns and personnel issues involving interns.

14. Policies and procedures related to the training of interns.

15. Policies and procedures related to the taking of leave, specifically under the Family Medical Leave Act.

16. Maria Cottone's job duties, responsibilities, and qualifications.

17. Baskerville's job duties and responsibilities – whether formal or informal – and her performance of those job duties and responsibilities.

18. Baskerville's use of medical leave in 2018 and any communications with HR or Baskerville's supervisors about the need for medical leave.

19. The contents of Baskerville's personnel file.

20. The knowledge, skills, and abilities required for the position held by Baskerville and Baskerville's qualifications for her position.

21. Any and all complaints made about Baskerville or her performance by other employees of CBS News, whether formal or informal and whether written or unwritten, from 2014 through the time of her termination in June 2018.

22. The decision to terminate Baskerville's employment in June 2018, the rationale for the decision, and all persons consulted in the decision.

23. Sarah Dolezal's association with CBS, including the terms of her hiring and employment.

24. The policies and procedures of CBS News regarding investigations of workplace incidents involving mental health issues of employees.

25. Any administrative or civil actions for disability or medical leave discrimination or retaliation activity against CBS News brought by current or former employees in the past five (5) years.

26. The existence and location of any documents related to any report by an employee concerning disability or medical leave discrimination or retaliation and CBS News's investigation into such complaints.

27. The retention of and any search to produce all documents relevant to the subject matter of this litigation, including the retention, location, and retrieval search of all electronic files and email boxes.

28. Any documents relating to policies regarding the creation and maintenance of data backups performed on all computer systems currently or previously in use, including:

   a) The existence of any of the documents requested in Plaintiff's First Requests for the Production of Documents to CBS News.

   b) The location and source of any of the documents requested in Plaintiff's First Requests for the Production of Documents to CBS News.

   c) Any document retention/destruction policies or procedures that relate in any way to the documents requested in Plaintiff's First Requests for the Production of Documents to CBS News.

   d) The methods of search for the documents requested in Plaintiff's First Requests for the Production of Documents to CBS News.

   e) The completeness and authenticity of the documents produced in response to Plaintiff's First Requests for the Production of Documents to CBS News.

   f) Identification of the persons involved in the search for the documents requested in Plaintiff's First Requests for the Production of Documents to CBS News.

Skip to main content

## 2018 CA 006710 B BASKERVILLE, KIA Vs. CBS NEWS, INC. MLR

- Case Type:
  Civil II
- Case Status:
  Open
- File Date:
  09/20/2018
- Action:
  Complaint for Employment Discrimination (Non-MPA) Filed
- Status Date:
  09/20/2018
- Next Event:
  12/21/2018

| All Information | Party | Event | Docket | Receipt | Disposition |

### Docket Information

| Date | Docket Text | Image Avail. |
|------|-------------|--------------|
| 09/20/2018 | Complaint for Employment Discrimination (Non-MPA) Filed  Receipt: 409120  Date: 09/25/2018 | |
| 09/20/2018 | eComplaint. Filed. Submitted. 09/20/2018 13:41. ncv.<br>Attorney: HARRINGTON, JOHN THOMAS (987659)<br>KIA BASKERVILLE (Plaintiff); | Image |
| 09/25/2018 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 12/21/2018   Time: 10:30 am<br>Judge: RANKIN, MICHAEL L   Location: Courtroom 517 | |
| 09/25/2018 | Issue Date:  09/25/2018<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>CBS NEWS, INC.<br>1090 Vermont Avenue, NW<br>WASHINGTON, DC  20005<br>Tracking No: 5000208651<br><br>CBS NEWS, INC.<br>2020 M Street NW<br>WASHINGTON, DC  20036<br>Tracking No: 5000208652 | |
| 10/12/2018 | Affidavit of Service of Summons & Complaint on CBS News, Inc. Filed. Submitted 10/12/2018 13:53. ajm<br>Attorney: HARRINGTON, JOHN THOMAS (987659)<br>CBS NEWS, INC. (Defendant); | Image |
| 10/12/2018 | Proof of Service<br>  Method   : Service Issued<br>  Issued    : 09/25/2018<br>  Service   : Summons Issued<br>  Served    : 10/10/2018<br>  Return    : 10/12/2018<br>  On        : CBS NEWS, INC.<br>  Signed By : Amanda Farrell<br><br>  Reason    : Proof of Service<br>  Comment   :<br><br>  Tracking #: 5000208651 | |